J-S89006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTOINE D. CHAMBARLAIN, | |
| Appellant | No. 3525 EDA 2015 |

Appeal from the PCRA Order November 17, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0203881-2006

BEFORE:  SHOGAN, MOULTON, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JANUARY 04, 2017**

Antoine D. Chambarlain ("Appellant") appeals from the order denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

This case arises out of a fatal shooting that occurred on July 24, 2005, in the area of 60th Street and Lansdowne Avenue in Philadelphia, Pennsylvania.  The PCRA court summarized the facts of the underlying case as follows:

> [Appellant] served as the driver during a planned drive-by shooting.  [Appellant's] brother, Jerrell Washington, who was sitting in the rear, shot and killed an innocent bystander, Walworth Gardiner.  [Appellant's] friend, Travis Truitt, who

---

[*]  Former Justice specially assigned to the Superior Court.

testified for the Commonwealth, sat in the front passenger seat. ([N.T.] 4/19/2010, pp. 17-20, 22-30, 34, 77).

At the scene, police saw a possible second victim, Antoine Hall, who likely was the actual target of the shooting. (Mr. Hall had what appeared to have been a bullet hole in his leg and in his pants.) However, Mr. Hall was very uncooperative: he refused to talk to police and declined an ambulance ride to the hospital. (N.T. 4/21/2010, pp. 50-52).

A witness on the scene wrote down the make, model, and license plate number of the car from which the shots had been fired and promptly conveyed the information to police. As a result, the vehicle was found less than ten minutes after the shooting was reported. (N.T. 4/21/2010, pp. 46-49; 4/22/20[10], pp. 6-9, 13-14).

Travis Truitt eventually cooperated with police by identifying [Appellant] and Washington as his co-conspirators. Truitt pleaded guilty to murder of the third degree and criminal conspiracy. (N.T. 4/19/2010, pp. 40, 64-65, 97, 100, 109).

PCRA Court Opinion, 7/6/16, at 1–2, n.1. The PCRA court recounted the

procedural history, as follows:

On April 29, 2010, following a jury trial before this court, [Appellant] was found guilty of murder of the first degree, criminal conspiracy, and possessing an instrument of crime. Also on April 29, 2009, this court imposed a sentence of life imprisonment for the conviction of murder of the first degree. [Appellant] also received concurrent terms of ten (10) to twenty (20) years of imprisonment for the conviction of criminal conspiracy and two and one-half (2½) to five (5) years of imprisonment for possessing an instrument of crime. At trial, [Appellant] was represented by Nino Tinari, Esquire[, who also represented Appellant on direct appeal].

[Appellant] appealed, and on December 30, 2011, the Pennsylvania Superior Court affirmed [Appellant's] judgments of sentence. [Appellant's] petition for allowance of appeal was denied by the Pennsylvania Supreme Court on May 15, 2012.

On March 15, 2013, [Appellant] filed a timely *pro se* petition pursuant to the [PCRA]. . . . Janis Smarro, Esquire, was subsequently appointed as [Appellant's] counsel. On September 2, 2014, Attorney Smarro filed an Amended PCRA petition. On July 14, 2015, the Commonwealth filed a Motion to Dismiss. On November 17, 2015, this court dismissed [Appellant's] PCRA petition for lack of merit.

On November 18, 2015, [Appellant's] counsel filed a timely Notice of Appeal, and on May 10, 2016, [Appellant] filed an unsolicited Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b).

PCRA Court Opinion, 7/6/16, at 1–2 (footnotes omitted). The PCRA court complied with Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following questions for our review:

I. Is Appellant is [sic] entitled to post-conviction relief in the form of a new trial or a remand for an evidentiary hearing as a result of the ineffective assistance of trial counsel which deprived Appellant of a fair and impartial trial and due process of law in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, section 9 of the Pennsylvania Constitution?

A. Did trial counsel render ineffective assistance of counsel for failing to object at trial when the prosecutor improperly vouched for the testimony of cooperating co-conspirator Travis Truitt on direct examination constituting prosecutorial misconduct which deprived Appellant of a fair and impartial trial and due process of law in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, section 9 of the Pennsylvania Constitution?

B. Did trial counsel render ineffective assistance of counsel for failing to pursue on appeal the issue of the trial court's error in failing to declare a mistrial when the prosecutor committed misconduct when she improperly elicited from its [sic] witness highly prejudicial evidence concerning Appellant's pre-arrest/post-Miranda silence in response to police questioning in violation of the Fifth Amendment to the United States

- 3 -

Constitution and Article I, section 9 of the Pennsylvania Constitution depriving Appellant of his right not to be compelled to give evidence against himself, due process of law, a fair and impartial trial and meaningful and effective appellate review in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Articles I, section 9 and V, section 9 of the Pennsylvania Constitution?

C. Did trial counsel render ineffective assistance of counsel for failing to pursue the issue on direct appeal that the trial court erred in allowing the Commonwealth to introduce various inadmissible out-of-court testimonial hearsay statements through witnesses for the Commonwealth depriving Appellant of his right to confront witnesses in violation of his rights under the Sixth Amendment to the United States Constitution and Articles I, section 9 and V, section 9 of the Pennsylvania Constitution?

D. Did trial counsel render ineffective assistance of counsel for failing to object at trial when the trial court erred in allowing the Commonwealth to introduce into evidence highly prejudicial, irrelevant and inadmissible testimonial hearsay statements when a witness for the Commonwealth testified on direct examination that on the date of the incident an individual told him that he was shot during the incident and refused medical treatment depriving Appellant of his right to confront the witnesses against him and a fair and impartial trial in violation of his rights under the Sixth Amendment to the United States Constitution and Article I, section 9 of the Pennsylvania Constitution?

E. Did trial counsel render ineffective assistance of counsel for failing to pursue the issue on direct appeal that the prosecutor committed prosecutorial misconduct at trial when the prosecutor elicited inadmissible, irrelevant, highly inflammatory and prejudicial character-propensity evidence on direct examination of a witness for the Commonwealth depriving Appellant of due process of law, a fair and impartial trial and meaningful and effective appellate review in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Articles I, section 9 and V, section 9 of the Pennsylvania Constitution?

Appellant's Brief at 4–6.

When reviewing the propriety of an order denying PCRA relief, this Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. **Commonwealth v. Lippert**, 85 A.3d 1095, 1100 (Pa. Super. 2014).

Appellant first presents a blanket averment of ineffective assistance of counsel, which, he contends, warrants a new trial or evidentiary hearing. Appellant's Brief at 15. He then presents five specific claims: (A) counsel failed to object to the prosecutor allegedly vouching for cooperating witness Travis Truitt; (B) counsel failed to pursue on direct appeal whether the trial court erred in denying a mistrial based on a detective's reference to Appellant's pre-arrest silence; (C) counsel failed to pursue on direct appeal the allegedly improper admission of testimonial hearsay; (D) counsel failed to object to allegedly testimonial hearsay about another shooting victim who refused medical treatment; and (E) counsel failed to pursue on direct appeal the issue of prosecutorial misconduct based on the eliciting of prejudicial character evidence from a Commonwealth witness. **Id.** at 19, 34, 40, 50, and 54.

To plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's

actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. *Commonwealth v. Stewart*, 84 A.3d 701, 706 (Pa. Super. 2013) (*en banc*). A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any one of these prongs. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010). Counsel is presumed to have rendered effective assistance. *Commonwealth v. Montalvo*, 114 A.3d 401, 410 (Pa. 2015). We have explained that trial counsel cannot be deemed ineffective for failing to pursue a meritless claim. *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*). "We need not analyze the prongs of an ineffectiveness claim in any particular order. Rather, we may discuss first any prong that an appellant cannot satisfy under the prevailing law and the applicable facts and circumstances of the case." *Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016) (citing *Commonwealth v. Albrecht*, 720 A.2d 693, 701 (Pa. 1998)).

Additionally, we note that a PCRA petitioner is not automatically entitled to an evidentiary hearing. *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012) (internal citations omitted). We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion. *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). On appeal, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding that there

were no genuine issues of material fact and in denying relief without an evidentiary hearing." *Id.*

After reviewing the briefs of the parties, the certified record, and the relevant authority, we conclude that the PCRA court's opinion thoroughly addresses and accurately disposes of Appellant's claims. Because Appellant did not raise any genuine issues of material fact, the PCRA court did not err in denying relief without an evidentiary hearing. *Miller*, 102 A.3d at 992. Accordingly, we affirm the order denying Appellant collateral relief, and we do so on the basis of the PCRA court's July 6, 2016 opinion.[1]

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/4/2017

---

[1] The parties are directed to attach a copy of the PCRA court opinion in the event of further proceedings in this matter.

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CRIMINAL SECTION

COMMONWEALTH OF          :       CP-51-CR-0203881-2006
PENNSYLVANIA

          : 

          :

      vs.           :

          :

          :       SUPERIOR COURT
ANTOINE D. CHAMBARLAIN       :       NO. 3525 EDA 2015

OPINION

CP-51-CR-0203881-2006 Comm. v. Chambarlain, Antoine
Opinion

7469389861

GEROFF, J.

FILED

JUL 6 2016

Criminal Appeals Unit
First Judicial District of PA

JULY 6, 2016

Petitioner, Antoine D. Chambarlain, has filed an appeal of this court's order denying his

amended petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §9541 *et seq.*.

## I. PROCEDURAL HISTORY

On April 29, 2010, following a jury trial before this court, Petitioner was found guilty of

murder of the first degree, criminal conspiracy, and possessing an instrument of crime.[1] Also on

---

[1] Petitioner served as the driver during a planned drive-by shooting. Petitioner's brother, Jerrell Washington, who was sitting in the rear, shot and killed an innocent bystander, Walworth Gardiner. Petitioner's friend, Travis Truitt, who testified for the Commonwealth, sat in the front passenger seat. (4/19/2010, pp. 17-20, 22-30, 34, 77).

At the scene, police saw a possible second victim, Antoine Hall, who likely was the actual target of the shooting. (Mr. Hall had what appeared to have been a bullet hole in his leg and in his pants.) However, Mr. Hall was very uncooperative: he refused to talk to police and declined an ambulance ride to the hospital. (N.T. 4/21/2010, pp. 50-52).

April 29, 2009, this court imposed a sentence of life imprisonment for the conviction of murder of the first degree. Petitioner also received concurrent terms of ten (10) to twenty (20) years of imprisonment for the conviction of criminal conspiracy and two and one-half (2 ½) to five (5) years of imprisonment for possessing an instrument of crime. At trial, Petitioner was represented by Nino Tinari, Esquire.[2]

Petitioner appealed, and on December 30, 2011, the Pennsylvania Superior Court affirmed Petitioner's judgments of sentence. Petitioner's petition for allowance of appeal was denied by the Pennsylvania Supreme Court on May 15, 2012.

On March 15, 2013, Petitioner filed a timely *pro se* petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq.*. Janis Smarro, Esquire, was subsequently appointed as Petitioner's counsel. On September 2, 2014, Attorney Smarro filed an Amended PCRA Petition. On July 14, 2015, the Commonwealth filed a Motion to Dismiss. On November 17, 2015, this court dismissed Petitioner's PCRA Petition for lack of merit.[3]

On November 18, 2015, Petitioner's counsel filed a timely Notice of Appeal, and on May 10, 2016, Petitioner filed an unsolicited Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b).

---

A witness on the scene wrote down the make, model, and license plate number of the car from which the shots had been fired and promptly conveyed the information to police. As a result, the vehicle was found less than ten minutes after the shooting was reported. (N.T. 4/21/2010, pp. 46-49; 4/22/2009, pp. 6-9, 13-14).

Travis Truitt eventually cooperated with police by identifying Petitioner and Washington as his co-conspirators. Truitt pleaded guilty to murder of the third degree and criminal conspiracy. (N.T. 4/19/2010, pp. 40, 64-65, 97, 100, 109).

[2] Attorney Tinari also represented Petitioner on direct appeal.

[3] The dismissal occurred more than twenty days after Petitioner was served with notice of the forthcoming dismissal of his PCRA petition. Pa. R. Crim. P. 907.

2

## II. STANDARD OF REVIEW

In determining whether counsel rendered ineffective assistance, the court must use a three-pronged test as set forth in *Commonwealth v. Pierce*, 515 Pa. 153, 158-60, 527 A.2d 973, 975-76 (1987). *Commonwealth v. Chmiel*, 612 Pa. 333, 361, 30 A.3d 1111, 1127 (2011). First, the court must ascertain whether the issue underlying the claim has arguable merit. This requirement is based upon the principle that counsel will not be found ineffective for failing to pursue a frivolous claim or strategy. Second, if the petitioner's claim does have arguable merit, the court must determine whether the course chosen by counsel had some reasonable basis designed to serve the best interest of the petitioner. Finally, if a review of the record reveals that counsel was ineffective, the court must determine whether the petitioner has demonstrated that counsel's ineffectiveness worked to his prejudice. *Id.*; *Commonwealth v. Stewart*, 2013 PA Super 317, 84 A.3d 701, 706-07 (2013) appeal denied, 625 Pa. 664, 93 A.3d 463 (2014); *Commonwealth v. Breisch*, 719 A.2d 352, 354 (Pa. Super. Ct. 1998); *Commonwealth v. Pendola*, 416 Pa. Super. 568, 571, 611 A.2d 761, 763 (1992), *appeal denied*, 629 A.2d 1378 (Pa. 1993). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Commonwealth v. Hudson*, 2003 PA Super 104, ¶ 17, 820 A.2d 720, 726 (2003) (citation omitted).

A claim has arguable merit where the factual averments, if accurate, could establish cause for relief. *See Commonwealth v. Jones*, 583 Pa. 130, 876 A.2d 380, 385 (2005) ("[I]f a petitioner raises allegations, which, even if accepted as true, do not establish the underlying claim of trial counsel ineffectiveness, he or she will have failed to establish the arguable merit prong related to the claim of appellate counsel's ineffectiveness."). Whether the "facts rise to the level of

3

arguable merit is a legal determination." *Commonwealth v. Saranchak*, 581 Pa. 490, 866 A.2d 292, 304 n. 14 (2005).

In order to establish prejudice, a petitioner must show that counsel's ineffectiveness was of such magnitude that the verdict essentially would have been different absent the ineffective assistance. *Commonwealth v. Howard*, 538 Pa. 86, 645 A.2d 1300, 1308 (1994). *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

In the context of a PCRA claim, petitioner must not only establish ineffective assistance of counsel but also plead and prove that counsel's stewardship so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *See* 42 Pa.C.S. §9543 (a)(2)(ii); *Commonwealth v. Buehl*, 540 Pa. 493, 658 A.2d 771 (1995); *Commonwealth v. Rowe*, 411 Pa. Super. 363, 601 A.2d 833 (1992).

Counsel is never ineffective for failing to make a frivolous objection or motion. *Commonwealth v. Groff*, 356 Pa. Super. 477, 514 A.2d 1382, 1386 (1986), *appeal denied*, 531 A.2d 428 (Pa. 1987); *Commonwealth v. Davis*, 313 Pa. Super. 355, 459 A.2d 1267, 1271 (1983). Similarly, counsel is never ineffective for failing to raise a frivolous issue in post-verdict motions or on appeal. *Commonwealth v. Thuy*, 424 Pa. Super. 482, 623 A.2d 327, 355 (1993); *Commonwealth v. Tanner*, 410 Pa. Super. 398, 600 A.2d 201, 206 (1991).

The law presumes that trial counsel was effective. *Commonwealth v. Quier*, 366 Pa. Super. 275, 531 A.2d 8, 9 (1987); *Commonwealth v. Norris*, 305 Pa. Super. 206, 451 A.2d 494, 496 (1982). Therefore, when a claim of ineffective assistance of counsel is made, it is the petitioner's burden to prove such ineffectiveness; that burden does not shift. *Commonwealth v. Cross*, 535 Pa. 38, 634 A.2d 173, 175 (1993), *cert. denied*, 115 S.Ct. 109, 130 L.Ed.2d 56 (Pa. 1994); *Commonwealth v. Marchesano*, 519 Pa. 1, 544 A.2d 1333, 1335-36 (1988);

4

*Commonwealth v. Tavares*, 382 Pa. Super. 317, 555 A.2d 199, 210 (1989), *appeal denied*, 571 A.2d 382 (Pa. 1989).

## III. DISCUSSION

In his Petition, Petitioner claims that he was denied a fair and impartial trial and due process of law as a result of his trial and appellate counsel's ineffective assistance. In his Concise Statement of Errors Complained of on Appeal, Petitioner raises the following issues: (1) Petitioner's trial counsel was ineffective for failing to object to the prosecutor's allegedly improper questioning of a cooperating witness, Travis Truitt, with regard to the existence and terms of the latter's plea agreement; (2) Petitioner's trial counsel was ineffective for failing to pursue on direct appeal the issue of this court's allegedly improper denial of mistrial based upon a Commonwealth witness' alleged reference to Petitioner's pre-arrest/post-*Miranda* silence; (3) Petitioner's trial counsel was ineffective for failing to challenge on direct appeal this court's admission of allegedly inadmissible testimonial hearsay which deprived Petitioner of his right to confront witnesses against him; (4) Petitioner's trial counsel was ineffective for failing to object at trial to allegedly inadmissible testimonial hearsay that another individual was shot and refused to seek medical treatment; (5) Petitioner's trial counsel was ineffective for failing to pursue on direct appeal the issue of prosecutorial misconduct at trial which was allegedly manifested through eliciting "inadmissible, irrelevant, highly inflammatory and prejudicial character-propensity evidence on direct examination of a witness for the Commonwealth." Concise Statement of Errors Complained of on Appeal, 05/10/2016, p. 4 [unnumbered].

Upon careful review of the record and the applicable law, this court is satisfied that Petitioner's claims are meritless. No relief is due.

5

**Petitioner's trial counsel was not ineffective for failing to object to the prosecutor's questioning of a cooperating witness, Travis Truitt, with regard to the specifics of the latter's plea agreement.**

Petitioner argues that his trial counsel was ineffective for failing to object to the prosecutor's questioning of Petitioner's co-conspirator, Travis Truitt, with regard to the details of the latter's guilty plea agreement. Petitioner claims that his trial counsel's inaction allowed the prosecutor improperly to vouch for Truitt's credibility, thereby bolstering it. Petitioner insists that his counsel's omission resulted in enhancement of Truitt's credibility and allowed the jury to draw improper inferences from Petitioner's decision not to testify in his own defense. Petitioner speculates that his counsel's abstaining from making the said objection did not have a reasonable basis designed to effectuate Petitioner's interests. He avers that there is a reasonable probability that but for the counsel's ineffectiveness, the outcome of the trial would have been different. Amended Post Conviction Petition with Consolidated Memorandum of Law, 09/02/2014, pp. 8, 21-23 [unnumbered].

Petitioner relies on *Commonwealth v. Bricker*, 525 Pa. 362, 581 A.2d 147 (1990) and on *Commonwealth v. Tann*, 500 Pa. 593, 459 A.2d 322 (1983) for the proposition that, while the Commonwealth may reveal the existence and terms of a plea agreement, the Commonwealth cannot take any action to bolster a witness' credibility, in violation of fundamental fairness. Petitioner declares that in the present case "the jury was persuaded to infer that if Truitt was telling the truth, then [Petitioner] surely was guilty of charged offenses." Amended Post Conviction Petition with Consolidated Memorandum of Law, 09/02/2014, p. 22 [unnumbered].

The Commonwealth notes that while it may not vouch for the witness' testimony by introducing the written plea agreement for the jury to examine during deliberations, *Bricker, supra,* or by eliciting testimony of counsel for the co-conspirators who would vouch for their

6

clients' veracity, *Tann, supra*, it is, in fact, "unquestionably appropriate for the Commonwealth to reveal the existence and terms of the plea agreement through the testimony of the witness who entered it." Commonwealth's Motion to Dismiss, 07/14/2015, p. 6.

This court is satisfied that in the case *sub judice*, Petitioner's reliance on *Bricker* and *Tann* is misplaced. In *Bricker*, our Supreme Court held that allowing the written plea agreements of prosecution witnesses to be given to the jury to use during deliberations impermissibly bolstered the witness' credibility thereby violating the defendant's right to a fair trial. 581 A.2d at 154-55. The Court noted, however: **"It would have been appropriate for the Commonwealth to reveal the existence of the [plea] agreements, and the parameters thereof, through the testimony of the witnesses."** *Id.* at 155 (emphasis added).

In *Tann*, the attorneys for two of the witnesses who entered into plea arrangements with the prosecution took the stand; each testified that his client had agreed to waive his Fifth Amendment right against self-incrimination and to "tell the truth" in exchange for the plea deal. Reversing Tann's conviction, our Supreme Court reasoned, *inter alia*:

> This tactic has the effect of emphasizing to the jury that the defendant, who is associated with the witness, has the same opportunity to waive his constitutional rights and tell the truth. The defendant is unduly prejudiced by this blatant invitation for the jury to draw an inference from the fact that the witness is foregoing his constitutional right against self-incrimination. This tends to spotlight the accused if he fails to do the same thing and clearly invites an improper prejudicial inference from the jury.

*Id.*, 459 A.2d at 328.

In the present case, contrary to Petitioner's assertions, the prosecutor's questioning of witness Truitt regarding his plea agreement merely established the terms and parameters of the agreement. *See Commonwealth v. Miller*, 572 Pa. 623, 645, 819 A.2d 504, 516 (2002) (the prosecution did not engage in impermissible bolstering by questioning a Commonwealth witness

7

whether his plea agreement called for him to testify truthfully).

Here, Truitt testified that he would be pleading guilty to third-degree murder; that as part of the agreement, he had to testify in court; and that the Judge would determine his sentence. Upon careful review of the record, this court concludes that at no time did the prosecutor improperly vouch for Truitt. In addition, the prosecutor did not put Petitioner's attorney on the witness stand to vouch for the truthfulness of his client and did not request that the jury be allowed to read Truitt's written plea agreement during the jury's deliberations. Furthermore, this court concurs with the Commonwealth in that the fact that the prosecutor referred to Truitt as a murderer in her closing argument is hardly "vouching."[4]

This court is satisfied that Petitioner's claim is meritless and must fail. No relief is due.

## Petitioner's appellate counsel was not ineffective for failing to challenge this court's denial of Petitioner's motion for mistrial based upon a Commonwealth witness' alleged reference to Petitioner's pre-arrest/post-*Miranda* silence.

Petitioner argues that his appellate counsel rendered ineffective assistance for failing to challenge this court's allegedly improper denial of Petitioner's motion for mistrial. Petitioner's trial counsel moved for mistrial when the prosecution elicited from its witness allegedly prejudicial evidence with regard to Petitioner's pre-arrest/post-*Miranda* silence. Amended Petition, 09/02/2014, pp. 23, 28-29.

Petitioner claims that the "course of action chosen by [appellate] counsel could not have been the result of any rational, strategic or tactical decision designed to effectuate the petitioner's interests" and that he was prejudiced by his counsel's omission. *Id.* at 29. He insists that but for

---

[4] In her closing argument, the Assistant District Attorney noted, *inter alia*: "Ladies and gentlemen, I am going to ask you ... to remember this case is not about Travis Truitt. This is not about Travis Truitt. .... He accepted responsibility for his actions and he is a murderer. He is co-conspirator and he is a murderer...." (N.T. Volume 1, 04/27/2010, p. 53).

8

his appellate counsel's alleged error there is a reasonable probability that the results of the proceedings would have been different.

The decision to grant the extreme remedy of a mistrial is a matter falling into the discretion of the trial court. *Commonwealth v. Boczkowski*, 577 Pa. 421, 454, 846 A.2d 75, 94-95 (2004). *See also Commonwealth v. Cottam*, 420 Pa. Super. 311, 329, 616 A.2d 988, 997 (1992) ("[T]he decision whether to declare a mistrial is within the sound discretion of the trial judge and will not be reversed absent a flagrant abuse of discretion.").

A trial court should declare a mistrial "where the alleged prejudicial event may reasonably be said to deprive the defendant of a fair and impartial trial." *Commonwealth v. Jones*, 542 Pa. 464, 488-89, 668 A.2d 491, 502-03 (1995).

In the present case, during the Commonwealth's direct examination of Detective Joseph Bamberski, the following exchange occurred, *inter alia*:

Q. When you spoke to Mr. Chambarlain, was he warned of his Constitutional rights or Miranda warnings?

A. Yes. He was verbally warned by myself.

Q. Did he agree to speak to you the detective?

A. He agreed to speak to me. He refuseed [*sic*] to –

MR. TINARI: Objection.

**THE COURT: He agreed to and the jury is to consider only that he agree to speak.**

MR. TINARI: May we see you at side-bar?

THE COURT: Yes.

MR. TINARI: On behalf of Antoine Chambarlain we are moving for a mistrial. This is clearly brought to the attention of the Assistant DA and we were informed this was not going to occur and all promises that it was not going to occur and felt comfortable.

THE COURT: Be more specific.

9

....

MR. TINARI: The statement itself in that it was determined that the words [*sic*] [']refuse['] is not going to be used .....

....

MS. WATSON-STOKES: He didn't get the whole answer on the record. The Court cuts him off and counsel cut him off.

....

MS. WATSON-STOKES: The word is he refused to give a statement. He didn't say that he said refused to. We as attorneys would expect it him refuse to give a statement.

THE COURT: He did say he refused to.

MS. WATSON-STOKES: What did he refuse to do?

THE COURT: We know what he refused to do.

MS. WATSON-STOKES: The jury doesn't know that.

THE COURT: Mr. Tinari, I am going to deny the motion for mistrial. Is a cautionary instruction something you want me to give? ....

MR. TINARI: .... I don't know that there is a remark you can give that can cure the fatal defect.

MS. WATSON-STOKES: With all due respect to counsel, we have inside knowledge. He can refuse to do any number of things at that point and we can't assume they have that information, because they don't.

THE COURT: I am denying the motion for a mistrial. ....

(N.T. Volume 1, 4/26/10, pp. 20-23) (emphasis added).

Petitioner insists that Detective's comments violated his right to remain silent by allegedly highlighting for the jury Petitioner's failure to talk to police. Petitioner claims that his appellate counsel was ineffective for failing to challenge on appeal the court's denial of his motion for mistrial.

Petitioner relies on *Commonwealth v. Molina*, 2011 PA Super 237, 33 A.3d 51 (2011)

10

*aff'd*, 104 A.3d 430 (Pa. 2014) for the proposition that a jury may not consider a defendant's pre-arrest, post-*Miranda* silence as substantive evidence of guilt. In *Molina*, however, the Superior Court explained that its holding **"does not impose a *prima facie* bar against any mention of a defendant's silence."** *Id.* at 63 (emphasis added). The *Molina* Court noted, *inter alia*, that the testifying detective's testimony was not in itself improper as it was offered "for one narrow purpose—the extent and focus of the investigation." *Id.* at 56.

> We find that the detective's testimony was originally offered for one narrow purpose—the extent and focus of the investigation relating to Snodgrass' disappearance. However, the Commonwealth later used the same testimony for a different purpose during closing argument—as evidence of Molina's guilt. While Molina did not object to the testimony for the purpose it was originally offered, Molina did promptly object and assert a claim of prosecutorial misconduct when the Commonwealth sought to indicate that such was evidence of guilt.

*Id.*

This court finds no merit to counsel's assignment of error and agrees with the Commonwealth's conclusion that "there is simply no factual basis for [Petitioner's] claim that the detective referenced [Petitioner's] failure to speak with the police." Commonwealth's Motion to Dismiss, 07/14/2015, pp. 10-11. This court further concurs with the Commonwealth that Detective Bamberski's comments were not improper, because in the case at bar, neither the detective nor the prosecutor referenced Petitioner's silence or implied that his refusal to provide a written statement constituted evidence of Petitioner's guilt. *Id.* at 13. Moreover, although this court offered to provide a cautionary jury instruction, Petitioner's trial counsel rejected the offer.

After careful review of the record and the applicable law, this court is satisfied that Petitioner was not denied his right to a fair and impartial trial and that the extreme remedy of a mistrial was not warranted. This court is firmly of the belief that it did not abuse its discretion by rejecting Petitioner's motion for mistrial.

11

This court is also satisfied that, contrary to Petitioner's assertions, Mr. Tinari, who also represented Petitioner at trial, was not ineffective for failing to challenge this court's denial of mistrial on appeal.

Discussing the issue of appellate counsel's ineffectiveness, our Supreme Court stated, *inter alia*:

> The "*Pierce* test" requires appellant to prove, with respect to appellate counsel's performance, that: (1) the underlying claim of trial counsel's ineffectiveness has arguable merit; (2) appellate counsel had no reasonable basis for failing to pursue the claim; and (3) appellant was prejudiced by appellate counsel's deficient performance. .... Prejudice in the context of ineffective assistance of counsel means there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different.

*Commonwealth v. Walker*, 613 Pa. 601, 611-12, 36 A.3d 1, 7 (2011).

It is the province of appellate counsel to make strategic decisions as to what issues to raise on appeal "in order to maximize the likelihood of success." *Smith v. Robbins*, 528 U.S. 259, 288, 120 S. Ct. 746, 765, 145 L. Ed. 2d 756 (2000). Appellate counsel is not required to raise every conceivable claim; instead, he is expected to select only those few claims which have the greatest chance of success. *Commonwealth v. Jones*, 572 Pa. 343, 367, 815 A.2d 598, 613 (2002). "Counsel may forego even arguably meritorious issues in favor of claims which, in the exercise of counsel's objectively reasonable professional judgment, offered a greater prospect of securing relief." *Id.*

This court concludes that by foregoing the denial of mistrial issue on direct appeal, appellate counsel demonstrated that he recognized this claim as meritless. Furthermore, Petitioner will not succeed in showing that there is a reasonable probability that but for his appellate counsel's allegedly deficient performance, the outcome of his appeal would have been different. No relief is due.

12

**Petitioner's appellate counsel was not ineffective for failing to challenge this court's admission of purported testimonial hearsay statements.**

Petitioner also argues that his appellate counsel was ineffective for failing to challenge on appeal allegedly inadmissible out-of-court testimonial hearsay statements, which, he insists, were improperly admitted at trial.

The testimony at issue involved a witness to the incident named Victor Batts, who handed Police Officer Edgar Ruth a note at the scene of the crime which read, "2005 Chrysler wagon dark blue, PA tag 0130." (N.T. Volume 1, 4/21, p. 46). Officer Ruth testified that he immediately broadcast this information over the police radio. *Id.* at 48-49. This court permitted Officer Ruth to testify to the contents of Mr. Batts' note over trial counsel's objection. Petitioner now alleges that admitting information on the contents of the note violated his Sixth Amendment right to confront witnesses against him.

As a preliminary matter, trial court's rulings on evidentiary questions are within the discretion of the trial court and will not be overturned absent a clear abuse of discretion. *Commonwealth v. Cargo*, 498 Pa. 5, 15, 444 A.2d 639, 644 (1982).

When an out-of-court statement is offered for the purpose other than proving the truth of the matter asserted, it is not excludable under the hearsay rule. *Commonwealth v. Puksar*, 559 Pa. 358, 368, 740 A.2d 219, 225 (1999).

In *Crawford v. Washington*, 541 U.S. 36, 54, 124 S. Ct. 1354, 1365, 158 L. Ed. 2d 177 (2004), the U.S. Supreme Court held that in order for testimonial evidence to be admissible, the witness must be unavailable and the defendant must have had a prior opportunity to cross-examine the witness. The Court concluded that if these requirements are not met, admitting such evidence would be a violation of the Confrontation Clause. 124 S. Ct. at 1374.

13

In *Davis v. Washington*, 547 U.S. 813, 126 S. Ct. 2266, 165 L. Ed. 2d 224 (2006) (holding that a 911 call by a victim was made in the context of an ongoing emergency and was therefore non-testimonial), the U.S. Supreme Court provided the following guidance:

> **Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency.** They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

*Id.*, 126 S. Ct. at 2273-74 (emphasis added).

Here, Batts' statements – his description of the getaway car - were essential in aiding the police to meet an ongoing emergency and pursue the perpetrators. This court is satisfied that under *Davis*, Batts' statements were nontestimonial and that, therefore, they were not subject to the Confrontation Clause constraints. This court concludes that the nontestimonial statements, which assisted the police swiftly to chase the perpetrators, were properly admitted as part of Police Officer Ruth's testimony to explain the course of conduct of the police. *See, e.g., Commonwealth v. Matthews*, 314 Pa. Super. 38, 43, 460 A.2d 362, 364 (1983) (police testimony about information obtained from confidential informant is admissible not for its truth "but rather to explain the course of action taken by the police"). Appellate counsel was, therefore, not ineffective for not raising a meritless claim on appeal. No relief is due.

**Petitioner's trial counsel was not ineffective for failing to object to inadmissible testimonial hearsay that another individual was shot and refused to seek medical treatment.**

Next, Petitioner avers that his trial counsel was ineffective for failure to object, on confrontation grounds, to allegedly inadmissible hearsay that another person was shot and

14

refused to seek medical treatment. Petitioner's claim is without merit and necessarily fails.

Here, Officer Ruth testified that at the scene of the shooting, he personally encountered a possible second gunshot victim, Antoine Hall. Testifying to his interaction with Mr. Hall, Officer Ruth noted that Mr. Hall had a bullet hole in his leg and in his pants. Officer Ruth also stated that Mr. Hall refused to discuss the crime with police and declined an ambulance ride to the hospital. (N.T. Volume 1, 4/21/2009, pp. 50-52).

Petitioner argues that Police Officer Ruth's testimony was highly prejudicial as it purportedly contained testimonial hearsay in violation of Petitioner's confrontation rights. Petitioner declares that his trial counsel was ineffective for failing to object to the testimony.

This court concludes that this case, in fact, did not involve a "highly prejudicial testimonial hearsay statement," as Officer Ruth's testimony related only to his own interaction with Mr. Hall. This court is satisfied that Officer Ruth's own observations did not involve any prejudicial testimonial hearsay statements; in fact, Officer Ruth did not quote anything that Mr. Hall might have said to him. Furthermore, as correctly observed by the Commonwealth, there is no indication that Mr. Hall accused Petitioner of shooting him. Never charged with shooting Mr. Hall, Petitioner cannot show that he was prejudiced by Officer Ruth's testimony concerning Mr. Hall's failure to cooperate.

Petitioner's counsel, therefore, was not ineffective for failure to raise a baseless objection. *Groff, supra.* No relief is due.

**Appellate counsel was not ineffective for failing to pursue on appeal the issue of alleged prosecutorial misconduct.**

Finally, Petitioner argues that his appellate counsel was allegedly ineffective for failing to

15

pursue on appeal the issue of prosecutorial misconduct. He claims that the prosecutor elicited "inadmissible, irrelevant, highly inflammatory and prejudicial character-propensity evidence on direct examination of a witness for the Commonwealth," thereby depriving Petitioner of his due process rights. Concise Statement of Errors Complained of on Appeal, 05/10/2016, p. 4 [unnumbered]. Petitioner's meritless claim must fail.

As a preliminary matter, the "decision whether to grant a new trial because of alleged prosecutorial misconduct is within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion." *Commonwealth v. Rios,* 554 Pa. 419, 429–30, 721 A.2d 1049, 1054 (1998).

Addressing the prosecutorial misconduct issue, our Supreme Court has noted:

> It is well established that a claim of prosecutorial misconduct will only constitute grounds for relief when the unavoidable effect of the contested comments was to prejudice the jury, forming in their minds fixed bias and hostility toward the accused, so as to hinder an objective weighing of the evidence and impede the rendering of a true verdict.

*Commonwealth v. Murphy,* 540 Pa. 318, 334, 657 A.2d 927, 935 (1995) (citation omitted). *See also Commonwealth v. Spotz,* 562 Pa. 498, 756 A.2d 1139 (2000)

At the beginning of Petitioner's trial, this court explained to the jury, as it

does customarily:

> There are certain rules that govern admission of evidence. .... **If I sustain an objection that means the witness is not permitted to answer and you have nothing to consider....**
>
> ....
>
> **You must disregard the evidence or any other matter for which I sustain or order stricken in from the record.** There are times when the attorneys and I are required to take up matters in the robing room or in the back.

16

(N.T. Volume 1, 04/15/2010, pp. 22-23).

Here, during the prosecutor's direct examination of witness Truitt, the following exchange occurred:

Q. [D]o you know whether or not Antoine Chambarlain had been shot prior to the day in question?

A. Yes.

MR. TINARI: Objection to the relevance. Move to strike.

THE COURT: Let me see counsel at side-bar for a second.

....

THE COURT: Objection sustained.

(N.T. Volume 1, 04/19/2010, p. 48) (emphasis added).

This court is satisfied that by sustaining the objection, it adequately instructed the jury to disregard the evidence at issue and that the jury faithfully followed the instructions of this court, as presumed by the law. *See Commonwealth v. Smith*, 131 A.3d 467, 475 (Pa. 2015) ("The law presumes that juries follow a court's instructions.") (citations omitted). This court, therefore, concludes that the said exchange did not inflame the passions of the jury and did not prevent Petitioner from receiving a fair and impartial trial and a just verdict. Petitioner's counsel was not ineffective for failing to pursue this meritless issue on appeal. No relief is due.

## IV. CONCLUSION

Petitioner has failed to demonstrate any basis for relief. In the absence of any meritorious challenge that can be found in the reviewable record, Petitioner has failed to articulate his allegations in accordance with the requisites of a claim predicated upon counsel's ineffectiveness. No relief is due.

For the foregoing reasons, Petitioner's petition for post-conviction collateral relief was properly dismissed.

BY THE COURT:

STEVEN R. GEROFF, J.

18